## LEAS, HARSH & SINCLAIR v. WHITE et al.

1. ASSIGNMENT OF PROMISSORY NOTE: CONDITION PRECEDENT: DUE DILIGENCE. The payee of promissory notes secured by mortgage assigned them in payment for real estate, executing to the assignee a mortgage on the property purchased, reciting the assignment of the notes, and that if the assignee could not, with due diligence, collect the same within twelve months from the date of the sale or assignment, the assignor would assume the payment of the same. *Held:*

    1. That to render the assignor liable on his contract, the exercise of due diligence for the collection of the notes was necessary on the part of the assignee, unless he was released therefrom by some valid excuse justifying non-performance.

    2. That an averment in the petition that the assignee could not with due diligence collect said notes in one year from said date, for that the said pretended mortgage was fraudulent and void, in fact, as to all parties, and could not be foreclosed; and further, was upon property of no value, if clear and unincumbered, sufficient to pay costs of suit, was not properly acknowledged; that it had been duly released of record before the date of said assignment, and the land resold and mortgaged, so that with the exercise of reasonable diligence the notes could not be collected; did not set out facts constituting due diligence, and was insufficient as a defense.

2. ALLEGATION OF DUE DILIGENCE. It is not sufficient to allege generally that due diligence has been used; the facts constituting such diligence must be set out, that the Court may determine as to their sufficiency.

*Appeal from Polk District Court.*

TUESDAY, OCTOBER 13.

THE petition, in equity, avers that on the 29th of December, 1859, complainants sold to respondent, White, a certain lot of land, describing it; that as a part of the consideration said respondent sold and assigned to them a note of one Wheeler, and a pretended mortgage accompanying the same, which note was dated October 23d, 1856, and due in sixteen months from date, for the sum of $2,000; that said respondent, for the purpose of securing the payment of said note, executed a mortgage upon the premises

so sold to him by complainants, reciting that the mortgagor had assigned to them the said Wheeler note, and that if they could not, with due diligence, collect the same within twelve months from the date of said sale, then said White assumed the payment of the same. Then follows this language: " And your petitioners aver that they could not, with due diligence, collect said note in one year from said date, for that the said pretended mortgage was fraudulent and void, in fact, as to all parties, and could not be foreclosed; and further, was upon property of no value, if clear and unincumbered, sufficient to pay costs of suit; was made upon property to which the mortgagor had no valid title; was not acknowledged, when recorded, and was never constructive notice to any person, although the acknowledgment had been fraudulently filled in by some party to plaintiffs unknown, before the date of said purchase; that said mortgage had been duly released before the date of said assignment, under the laws of Minnesota, where the land was situated, and the land resold and mortgaged, so that the same could not have been foreclosed, and nothing whatever could have been collected thereon. And your petitioners so charge, that they could not, with reasonable diligence, collect said note in twelve months from that date."

Respondents demurred; the demurrer was overruled, and they appeal.

*C. C. Cole* for the appellant.

I. The mortgage shows that the plaintiff was to perform a condition precedent, upon which the defendant's liability depends. Chit. Contr., 808; *Taylor & Otis* v. *Bullen*, 6 Cow., 624.

II. The plaintiffs must aver and prove such performance. 1 Chit. Pl., 320; Story Cont., § 32; 2 Story Eq. Jur., § 1082; Add. Cont. (2 Am., § 5), 863; *Campbell* v. *Jones*,

6 Tenn., 471; *Johnson* v. *Reed et al.*, 9 Mass., 73; *Justice* v. *The Board of Justices of Vermillion County*, 2 Blackf., 149; *Eddy & Ames* v. *Stantons*, 21 Wend., 255; *Moakley* v. *Riggs*, 19 John., 69; *Kies* v. *Tifft*, 1 Cow., 98; *Thomas* v. *Wood*, 4 Cow., 173; *Chun* v. *Howard*, 3 Blackf., 163; *Heaston* v. *Colgrove*, 3 Ind., 265; *Springer* v. *Stewart*, 2 G. Greene, 390.

III. The excuse alleged for non-performance of the condition precedent is not sufficient. See cases cited above. *Smallwood* v. *Woods*, 1 Bibb, 542; *Markley* v. *Withers*, 4 Monr., 14; *Trimble et al.* v. *Webb et al.*, 1 Id., 103; *Simpson* v. *Daniel*, 1 B. Monroe, 250; *Loveland* v. *Shepard*, 2 Hill, 139; Miln., 5 Exch., 829; 2 Story Eq. Jur., § 1311; *Bond et al.* v. *Evans et al.*, 20 Id., 29; *Choalton* v. *Russell*, 4 Me., 553; *Dewey* v. *Kyle*, 16 Id., 450; *Bunn et al.* v. *Procther et al.*, 21 Ill., 217; *Stone et al.* v. *Robinson*, 24 Id., 532.

*S. V. White* for the appellee.

WRIGHT, J.—The demurrer should have been sustained. It was complainant's duty, before respondent would be liable on his contract, to use due diligence to collect the Wheeler note, unless released therefrom by some valid excuse, justifying the non-performance. A mere averment that they "could not, with due diligence, collect said note in one year from said date" is not sufficient; but that diligence was used, and what its character, should be clearly stated and shown. Or if it is claimed that they were excused for the non-exercise of diligence, then such excuse should be stated. This seems to have been attempted by the pleader, but, admitting the truth of all that is stated, it does not negative the conclusion that complainants might have collected the Wheeler note by the use of the least diligence. The mortgage upon the Minnesota property was a mere

incident to the debt. However invalid that was, whatever the fraud practised in obtaining it, however worthless the mortgaged premises, and though said mortgage had been released and could not be foreclosed, did not necessarily interfere with complainants' ability to collect the note. The note was made payable to one Haight, and by him assigned to White. For aught that appears, Wheeler and Haight are both entirely solvent, and the note might have been collected by the use of the slightest diligence. And until this diligence was used, or proper excuse shown for the non-performance of this precedent condition, respondents did not, in a legal sense, assume the payment of said debt. Aside from the security afforded by the mortgage, there was a personal liability on the part of Wheeler and the indorser, Haight, which inured to the benefit of complainants, by the assignment of the note by respondent; and there is no averment that this personal liability did not still continue, nor that the debt could not have been made from them by demanding the same, or the institution of legal proceedings. The mere non-payment of the note did not fix respondent's liability. Complainants had something to do, and that was to use due diligence in its collection. If they had declared directly upon the note against respondent as the indorser, it certainly would not be claimed that an averment that they could not collect the note, or that they could not, with the use of due diligence, would have been sufficient, when the question of sufficiency was raised by special demurrer. It is not true that a conditional contract is always well pleaded, if the condition is correctly stated ; and the breach of such condition is averred in the words of the instrument itself. While the pleader is not required to state propositions or conclusions of law, nor the mere evidence of facts, yet the complainant should state the facts full enough to enable the Court, upon the admission of the facts set forth, to grant the relief sought. *Tall-*

*man* v. *Green*, 3 Sandf., 428. Or, as it is expressed in another case, every fact should be averred, which is necessary to show a right to recover. *Murdock* v. *Mut. Ins. Co.*, 2 Comst., 216. Thus, to illustrate, the contract of the indorser is, that the maker will pay, on presentment, according to the terms of the instrument, or if he make default, the indorser will pay, on due notice of such demand and non-payment. If the indorser is sued, in addition to the making and indorsement of the note, it should also be shown that demand was made upon the maker, at the time and place prescribed, and that notice of the non-payment was given to the indorser. *Spellman* v. *Needer*, 5 How., 5. No one would pretend that it would be sufficient to aver that the note could not, by the use of due diligence, be collected of the maker. For if the pleader would excuse himself, or seek to bring his case within any of the exceptions contained in §§ 1801, 1802, of the Revision of 1860, he must state the facts, and not stop with the general averment that diligence has been used, or that its use would have been unavailing. And when he states matter in excuse, if it is insufficient, or fails to fix the liability of defendant, under his contract, the defect may be reached by demurrer.

In this case we need not stop to inquire whether a mere demand upon the maker, and due notice, would amount to the use of such diligence as, under the contract, would make respondent liable. No facts are stated which legally show his liability, by way of excuse or otherwise, and the demurrer should, therefore, have been sustained. More than this we need not determine at this time.

Reversed.