## SILAS R. WILCOX *v.* ISAAC S. MOON.

*Libel.    Innuendo.    Motion in Arrest.    Harmless Error.*

1. The language in the alleged libellous communication must be susceptible of the meaning put upon it by the innuendo, in view of the other facts stated in the declaration.

2. The alleged libel was contained in a letter sent to the plaintiff's wife, which contained this language: "Do you know that the name of the hostler and yourself are coupled together and handled quite extensively all through the village, and claimed that you are intimate together? And some shake their heads, and say it looks strange that he should exchange with his hostler." *Held,* that, in view of the averments in the declaration, this language supported the *innuendo* that the defendant thereby intended to charge the plaintiff with committing the crime of adultery with the wife of his hostler.

3. When the verdict of the jury shows that no harm can have accrued to a party by reason of the charge of the court upon a particular point, no error can be assigned in that respect.

This was an action for libel.    Plea, the general issue.    Trial by jury at the February Term, 1889, Taft, J., presiding.    Verdict for the plaintiff for one cent actual damages, and $333 exemplary damages.

The testimony of the plaintiff tended to show that the alleged libel was contained in a letter, written by the defendant, and sent through the postoffice in Bennington to the plaintiff's wife. The plaintiff took the letter from the office himself, it being sealed, carried it home to his wife, who opened it, and they then read it together.    The plaintiff afterwards showed it to several persons in the village of Bennington, but there was no evidence that the plaintiff's wife ever showed the letter to anyone except the plaintiff.

At the conclusion of the plaintiff's testimony the defendant moved the court to order a verdict in his favor, for that the declaration was insufficient in that the language of the alleged libel was not susceptible of the meaning put upon it by the *innuendoes* in the plaintiff's declaration.    The court, however, held.

that that part of the letter referring to exchange between the plaintiff and Marsh, and to the wife of Marsh, was susceptible of the meaning attributed to it by the innuendoes, and overruled the motion.

The court in charging the jury told them, that, in estimating the damages, they could consider the character and reputation of the plaintiff, to which the defendant excepted on the ground that, if there was any damage to his reputation, it had been caused by the acts of the plaintiff himself in showing the letter.

After verdict the defendant moved in arrest of judgment for the reason that the words charged in the declaration are not susceptible of the meaning given them, and did not impute the crime of adultery. Motion overruled, and judgment for the plaintiff on the verdict. Exceptions by the defendant.

The nature of the exception as to the sufficiency of the declaration appears in the opinion.

*J. C. Baker*, for the defendant.

An innuendo cannot extend beyond its natural meaning, the alleged libellous language, as considered in connection with the prefatory averments and the colloquium. There is nothing in the language contained in this letter which is susceptible of the construction that the plaintiff has put upon it, viz., that the writer intended to charge the plaintiff with the crime of adultery.

The charge of the court on the subject of damages was erroneous. If the character of the plaintiff has been injured by his own act in exhibiting the letter, he should not be allowed to thereby enhance his damages at the expense of the defendant. *Lloyd* v. *Jones*, 60 Vt. 288.

*Waterman, Martin & Hitt* and *W. B. Sheldon*, for the plaintiff.

Where the alleged libellous words are susceptible of two meanings, is for the jury to say in which sense they were used. The jury in this case must have found that the language was used in the sense ascribed to it by the plaintiff, and this finding

is conclusive, unless the language is not capable of that mean-
ing, as in this case it clearly is. 1 Stark. on Sland. 60; 1 Chit.
Pl. 673; Townsh. on Sland. 169; *Gates* v. *Bowker*, 18 Vt. 23.

If the court below erred in its instruction to the jury on the
question of damages, as we insist it did not, the defendant has
suffered nothing, since the jury found that there were no actual
damages.

The opinion of the court was delivered by

Ross, J. 1. The defendant's motion, at the close of the tes-
timony, that the court order a verdict in his favor, and his
motion in arrest of judgment, raise the same question ; the suf-
ficiency of the declaration to sustain a judgment on the verdict
for the plaintiff. As contended for the defendant, the alleged
libellous language is to be read in connection with the facts
stated in the antecedent averments, and the *colloquium*, apply-
ing the language used to these facts. If the language used,
when so applied, does reasonably carry the meaning charged in
the *innuendo*, the *innuendo* adds nothing. The office of the
innuendo is to point to a meaning which the language used may
properly and naturally have, when applied to the facts set forth
in the averments. So far as necessary to be considered in con-
nection with the question raised, the antecedent averments allege
that, at the time of publishing the alleged libellous communica-
tion, and at the time referred to in such communication, the
plaintiff had a hostler in his employment; that he and his hostler
were both married men, living and cohabiting with their respect-
ive wives ; and the colloquium avers that the libellous communi-
cation, so far as relates to this question, was of and concerning
the plaintiff and his wife, and of and concerning the hostler and
his wife; and that the libellous communication was published to
the wife of the plaintiff. The claimed libellous language, so far
as relates to this question is, " Do you know that the name of
the hostler and yourself are coupled together and handled quite
extensively all through the village, and claimed that you two are
intimate together ? And some shake their heads, and say it

Wilcox v. Moon.

looks strange that he should exchange with his hostler." Then the writer says he did not believe at the first, "but I have listened, I have watched, I have seen, therefore I speak from knowledge." The innuendo is that the writer intended to charge the plaintiff, by using the language quoted, when applied to the facts averred, with having committed adultery with the wife of his hostler. We think the language quoted, especially when used in connection with the preceding questions, and in connection with the facts alleged in the antecedent averments and colloquium, may reasonably and naturally import that the plaintiff had been criminally intimate with the wife of his hostler. Hence we think that the County Court did not err in refusing these motions.

2. That portion of the charge excepted to, if erroneous, evidently did not harm the defendant, inasmuch as the jury found the actual damages sustained by the plaintiff to be nominal. Hence the defendant can take no benefit from this exception. We therefore have not considered whether, under the special circumstances of this case, the exception was well or illy taken.

*The judgment of the County Court is affirmed.*