Caroline Wilcox *v.* Issac S. Moon.

---

## CAROLINE WILCOX *v.* ISAAC S. MOON.

*Libel. Sending sealed letter not publication. Husband and wife.*

1. The sending of a libellous communication by mail in a sealed envelope addressed to the person libelled, is not, without some additional fact, a publication of the libel, although the person addressed is a married woman.

2. A husband has no legal right to open the letters of his wife without her consent ; and if she voluntarily shows him the libel that is her publication.

3. *Quere,* how it might be if the husband was in the habit of opening his wife's correspondence, and this was known to the sender.

Action for libel. Plea, the general issue. Trial by jury at the December term, 1891, Tyler, J., presiding.

The plaintiff offered to show that the libel was brought by the husband from the post-office in a sealed envelope addressed

to the wife, and was handed by him to his wife unopened; that she broke the seal, and that they read it together, standing side by side. To this evidence the defendant objected for that it did not show a publication. The court ruled that it did, to which the defendant excepted. Thereupon the court withdrew the case from the jury and passed the exception to the Supreme Court before final judgment.

*J. C. Baker*, for the defendant.

There was no publication. *Wilcox and wife* v. *Moon*, 63 Vt. 481; Cool. Torts, 193; ∴ Add. Torts, 980; Town. Slan., s. 95; Odgers Slan., s. 150; *Lyle* v. *Clason*, 1 Cains, 581; *Sparts* v. *Poundstone*, 87 Ind. 522; *McIntosh* v. *Matherly*, 9 B. Mon. 119; *Broderick* v. *James*, 3 Daly 481; *Desmond* v. *Brown*, 33 Iowa 13; *Sheffill* v. *Van Duzen*, 13 Gray 304; *Hastings* v. *Stetson*, 126 Mass. 329; 2 Greenl. Ev. s. 414; *Phillips* v. *Jansen*, 2 Esp. 624.

*Waterman, Martin & Hitt*, for the plaintiff.

When the defendant sent this libel into the world beyond his control by depositing it in the mail, he was guilty of a publication. *King* v. *Burdett*, 6 E. C. L. 375; *Rex* v. *Broderick*, 14 Irish Law Rep. 453; Town Sl. and Lib. s. 101; Folk. St. Sl. s. 252 and note to s. 535; also s. 528; *Miller* v. *Johnson*, 76 Ill. 58.

The opinion of the court was delivered by

TAFT, J. When this case was before the court at the February term, 1891, Munson, J., in the opinion said, "It is true that a communication to the plaintiff wife by a letter so transmitted as not to be seen by others would not be such a publication as would sustain an action." 63 Vt. 481. To entitle the plaintiff to recover, publication to some third party must be shown, and so, sending a libellous letter to the plaintiff, who received it unopened is no evidence of publication. The gist of the action is the injury to the plaintiff's reputation, which consists

in the good opinion of her fellow citizens. If third persons have no knowledge of the libel, she has sustained no injury to her reputation. If the defendant did not publish the libel to third parties, he has committed no wrong for which he is liable in a civil action. The defendant is not liable for a publication by the plaintiff, for it is not the defendant's act. As stated, if a man write a libellous letter and deliver it to the party himself, it is no publication; sending a sealed letter, if nothing more is shown, is the same as a delivery to the party. Sending an unsealed letter by a messenger who reads it, is evidence of a publication. Sending one to a party who cannot read, and this is known to the sender, and the party to whom it is sent, from necessity procures another to read it, is likewise evidence of a publication, so is sending such a letter to one whose clerk is in the habit of opening and reading his letters, and this habit is known to the sender, and whose clerk does in fact open and read it. These exceptions to the general rule seem to be based upon the principle that the letter is sent with the intent, on the part of the sender, that without any act of the person to whom it is sent, or from his necessity, if an illiterate person, it must or may be read by a third person. The letter in question was sealed, sent by the post, and received by the plaintiff unopened. Showing it by the plaintiff to her husband, was her own act, not that of the defendant. There was no testimony in the case tending to show knowledge in the defendant, that plaintiff's husband was ever in the habit of opening and reading the plaintiff's correspondence. In respect of the publication of a libel, husband and wife are distinct persons, and so a publication to a wife, sustains an action in favor of the husband. See 61 Vt. 484. The husband in this case had no legal right to the letter addressed to the plaintiff. In these modern days when the tendency is to regard husband and wife as distinct persons, we are not inclined to return to the ancient legal fiction regarding them as one. If the twain were one, then, when the husband read the letter, no third

person saw it, only the plaintiff herself read it. A libel sent to the wife, and shown by her to her husband is a publication by the wife, not by the sender. There was nothing in the testimony tending to show a publication by the defendant, nor that he intended the letter should, or might, be read by anyone before it reached the plaintiff's hands, or by a third person from necessity afterwards. The ruling that the facts stated would constitute a publication was erroneous, and the

*Cause is remanded.*