Buckwalter v. Gossow.

LAURA BUCKWALTER v. G. W. E. GOSSOW *et al.*

No. 14,858    (88 Pac. 742.)

SYLLABUS BY THE COURT.

1. LIBEL—*Publication of a Letter.* In a civil action for libel an admission of the defendants in their answer that they mailed the alleged libelous matter to the plaintiff in a sealed envelope addressed to her does not admit the publication of the libel.

2. —— *Burden of Proof.* In such action the burden of proving the publication of the alleged libel is upon the plaintiff, and proof that she received it from her husband without showing how it came into his hands is not sufficient.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed January 5, 1907. Affirmed.

*Adams & Adams,* for plaintiff in error.

*Kos Harris,* and *V. Harris,* for defendants in error.

The opinion of the court was delivered by

· SMITH, J.: The plaintiff sued the defendants for libel. The defendants in their answer alleged that they constitute the board of trustees of a church organization, and as such investigated charges against the plaintiff, who was a member of the church, and as such trustees passed a resolution dismissing her from such membership; that they caused the clerk of the board to send her a letter enclosed in a sealed envelope and addressed to her, informing her of the action of the board and that she was dismissed "for conduct unbecoming a Christian lady."

Upon the trial of the action the plaintiff introduced her evidence and rested her case. The defendants demurred thereto, the demurrer was sustained, and judgment was rendered against her for costs. The plaintiff. brings the case here for review.

The question is presented whether the written mat-

ter was libelous *per se,* and, also, whether it was or was not a privileged communication. In the conclusion we have reached, however, it is not necessary to determine either of these questions.

"The sending of a libelous communication or libelous matter to the person defamed does not constitute an actionable publication, even though the matter does actually reach the hands of a third person, where this is not intended nor reasonably to be expected by the sender." (18 A. & E. Encycl. of L. 1017.)

"Sending a libelous communication to a married woman respecting herself, enclosed in a sealed envelope, is not a publication of the libel." (*Caroline Wilcox v. Isaac S. Moon,* 64 Vt. 450, 24 Atl. 244, 15 L. R. A. 760, 33 Am. St. Rep. 936.)

We have adopted the rule as above stated. (*Lyon v. Lash,* 74 Kan. 745, 88 Pac. 262.) But this is not the rule in criminal prosecutions for libel, where the gravamen of the offense is as much the provoking of the defamed person to wrath as is the effect of the publication upon his relations to the public. (Gen. Stat. 1901, § 2271.)

The wrath or personal indignation aroused in the defamed cannot be computed or compensated in damages, although the wrong-doer may be punished by the state for his wrongful act. So an assault from which no public humiliation and no actual injury occurs other than to the feelings of the assaulted may not be the basis of an action for damages, although it may subject the offender to a penalty.

If, however, the author of a libel sends it to the defamed in such a manner as to indicate that he intends it shall or that it is probable it will reach other hands, and it does reach other hands, it is a publication and may be the basis of damages. (18 A. & E. Encycl. of L. 1017.)

In the case at bar the plaintiff proved the receipt of the libelous matter from her husband. She also offered to prove by her husband that he received the commu-

Buckwalter v. Gossow.

nication in a letter addressed to himself, but the court properly held that he was an incompetent witness to testify to such fact. She also offered to prove by her husband that for years he had been her agent to receive and convey her mail to her, but offered no evidence of his agency to open and read her letters or of any inability on her part to read them. Nor did she offer any proof of knowledge on the part of any of the defendants that the husband habitually or ever received or opened his wife's mail. Hence, even if the husband was competent to testify, his evidence was properly excluded.

That injustice may sometimes result from debarring a husband or wife from testifying as a witness in a civil action for or against the other except as to transactions in which the proposed witness has acted as the agent of the other may readily be conceded. The law is, however, explicit, and has long been upon the statute-books. That it is generally in furtherance of justice is evidenced by the absence of an attempt to repeal it. Were it conceded to be vicious, which it is not, the courts must enforce it so long as it is the law.

We conclude that even if the alleged libel was actionable *per se,* and was not a privileged communication, still the plaintiff failed to produce evidence of its publication, and the demurrer to her evidence was properly sustained.

The judgment is affirmed.