No. 19,924.

THE KANSAS STATE MUTUAL HAIL ASSOCIATION, *Appellant*, v. THE TITLE GUARANTY & SURETY COMPANY, *Appellee*, and THE AMERICAN SURETY COMPANY.

#### SYLLABUS BY THE COURT.

1. INDEMNITY BOND—*Alleged Untruth in Application Therefor—Question for Jury.* In an application to a surety company for a bond insuring the good conduct of an employee a negative answer was returned to the question whether he was indebted to his employer. The sum of fifty dollars had been advanced to him to enable him to meet the expenses of his employment, to be returned out of his earnings. *Held*, that it was not error to submit to the jury whether this transaction should have been mentioned in answer to the question, and whether the failure to mention it proceeded from bad faith.

2. PLEADINGS—*Inconsistent Defenses—No Prejudicial Error.* Where a defendant, instead of pleading, as he might have done, that one or the other of two conditions existed, either of which served his purpose, pleads one of them in one count of his answer and the other in another, the plaintiff is not ordinarily prejudiced by the denial of a motion to require him to elect between them, although both allegations could not be true.

3. INDEMNITY BOND—*Issue to be Tried—Instruction.* In an action upon a bond undertaking to indemnify an employer against losses through the embezzlement of an employee, it is not error to instruct that one of the issues is whether he was guilty of that offense.

4. SAME—*Burden of Proof—Instruction.* A general instruction that the plaintiff has the burden of proving a right to recover is not objectionable, although some issues are involved as to which the burden is on the defendant.

5. INSURANCE AGENT—*Failure to Remit Premiums—No cause of Action Proven.* Where an insurance agent, who is authorized to retain twenty per cent of all premiums collected, remits eighty per cent of each collection made, without specific direction as to the application thereof, the fact that the company applies a part of the amount remitted to an indebtedness of the agent for money advanced, can not result in fixing liability upon a bonding company which has undertaken to indemnify the insurance company against loss occasioned by the embezzlement of its agent.

Appeal from McPherson district court; FRANK F. PRIGG, judge. Opinion filed February 12, 1916. Affirmed.

*Alex S. Hendry,* of McPherson, for the appellant.

*G. F. Grattan,* and *J. M. Grattan,* both of McPherson, for appellee The Title Guaranty & Surety Company.

The opinion of the court was delivered by

MASON, J.: A mutual hail insurance company employed a soliciting agent, who gave a bond signed by a surety company, to protect his employer against all pecuniary loss directly sustained by larceny or embezzlement on his part. The insurance company sued the bonding company, alleging that the agent had collected in its behalf $288.18 more than he had remitted, and asking judgment for that amount. A trial resulted in a verdict against the plaintiff, and a judgment was rendered accordingly, from which it appeals.

(1) The written application of the insurance company for the bond included these questions and answers, among others: "Is he [the agent] now in debt to you? No. If so, state amount and nature of such indebtedness. No." At the time the company had advanced to the agent fifty dollars to enable him to pay his way until returns from the business should begin to come in, he to repay it out of his share of the proceeds; and this amount was charged against him on the books of the company. The defendant maintained that the answer to the first question quoted was untrue and that it was thereby relieved from liability. The court instructed the jury in effect

that if the answer was false and had been made in bad faith the bond could not be enforced, owing to certain of its provisions not necessary now to be stated. The plaintiff complains of the instruction on the ground that under the circumstances shown the fifty dollars advanced to the agent did not constitute a debt, and that there was no evidence of any bad faith in the answer that was made. We think the evidence justified allowing the jury to determine whether or not the fifty-dollar transaction was of such a character that it should have been mentioned in answer to the question, and whether or not under all the circumstances the failure to mention it proceeded from a want of good faith. Upon the whole record, as will appear from what is hereinafter said, it seems very unlikely that the verdict was affected by this matter.

(2) Among other defenses the defendant presented the claim that in making a statement to it of the amount of the agent's alleged shortage it had wilfully suppressed the fact that the amount charged against him included the sum of $440, advanced to him by the plaintiff. In a separate defense the same allegation is repeated, except that the money is said to have been advanced by the plaintiff's secretary. The plaintiff contends that the defenses were inconsistent, and complains of the refusal of the court to require the defendant to elect between them, and of the admission of evidence with regard to the advancing of money by the secretary. There is a conflict of authority as to how far inconsistent defenses may be united in an answer. (*Fetzer v. Williams,* 80 Kan. 554, 103 Pac. 77.) Whatever inconsistency there may be in the two defenses referred to is not objectionable. The defendant, instead of pleading in one count that the money was advanced by either the company or its secretary, presented one theory in one count and the other in another. The effect was much the same. The facts lay peculiarly within the knowledge of the plaintiff, and it was in no way prejudiced by the denial of its motion to require the defendant to elect.

(3) The court in its charge referred to the question whether the agent was guilty of embezzlement as one of the issues. Complaint is made of this on the ground that it tended to confuse the jury and create the impression that the agent was on trial. The bond undertook to indemnify the plaintiff only

18—97 Kan.

against losses occasioned by larceny or embezzlement. The issue referred to was therefore in the case, and it does not appear to have been so presented as to be the occasion of any prejudice.

(4) The jury were told that the burden of proof was on the plaintiff to prove its right to recover by a preponderance of the evidence. This is objected to apparently on the ground that as to some of the specific issues the burden was on the defendant. The instruction given was true as a general statement. If a more specific direction had been asked a different question would be presented. Criticism is made of the verification of the answer. It seems sufficient, but no reason is suggested why any verification was necessary.

(5) The evidence showed that the insurance company from time to time advanced to its agent different sums, amounting in all to $440, which were charged against him on the books. His arrangement with the company was that he should cover a definite territory, soliciting business, writing insurance and collecting premiums. He was authorized to retain twenty per cent from each premium collected, from which he was to pay all his expenses, including the charges of subagents, the residue to be his compensation for his services. As the agent made reports of business done he was charged with the premiums collected (less his twenty per cent deduction) and as he made remittances they were credited to him on the general balance, being applied to his indebtedness arising from the advancements made to him, as well as to the charges for premiums collected. The plaintiff claimed this practice to have been authorized by the agent, under his agreement with the company, but the jury specifically found to the contrary. The plaintiff also contended that the agent had assigned his share of the premiums collected, to secure the payment of the money advanced him, and this issue was submitted to the jury in such a way that their general verdict must be deemed to include a finding against the contention. The remittances of the agent amounted to more than eighty per cent of the premiums collected, and he was made to appear in default in that respect only by applying to his indebtedness, growing out of the sums advanced to him, a part of the amounts he

remitted.   The plaintiff invokes the rule that the creditor may determine what application shall be made of payments by a debtor who omits to give any directions in that regard. That principle does not apply here, because the surety company had not guaranteed the payment of the agent's debts. It merely had undertaken to indemnify his employer against loss by his larceny or embezzlement.   The bond specifically provided that the surety should not be liable "for any loans or advances made by the employer to the employee for any purpose."   We approve the view of the trial court that so long as the agent remitted to the company eighty per cent of each premium collected, no liability arose under the bond. His failure to repay the advances made, out of his share of the premiums, was a mere breach of contract.   The bonding company guaranteed only his observance of the criminal law, not the civil.

The effect given to a mistake made by a witness, while testifying to the contents of a record he was then examining, has led to an apparent controversy concerning the fact in that regard.   The matter had no important bearing on the decision of the case.   Whatever misunderstanding existed was obviously due to inadvertance, and has been cleared up.

The judgment is affirmed.