Nos. 19,833 and 20,508.

A. H. McINTYRE, as Trustee, etc., *Appellee,* v. THE AMERICAN SURETY COMPANY OF NEW YORK, *Appellant.*

### SYLLABUS BY THE COURT.

1. INDEMNITY BOND—*Bond Construed—Liability of Surety.* In an action to recover upon a surety bond which provided that the obligor would pay the shortage of the bonded party if his liability "is caused by robbery, fraud, defalcation, breach of trust or other intentional offense against the property of his employer, or which the latter may have entrusted to him, either as agent, employee or attorney," there may be a recovery upon proof that the default of the bonded party was caused by his fraud or by a breach of trust; and a showing that he had embezzled the money or property entrusted to him was not necessary to a recovery.

2. SAME—*Fraud or Breach of Trust of Bonded Party—Burden of Proof.* It devolved on the plaintiff to produce satisfactory evidence of the fraud or breach of trust of the bonded party and sufficient to overcome the presumption of honesty, but in such a case the strictness of proof required in a criminal proceeding is not essential to a recovery.

3. NEW. TRIAL—*Newly Discovered Evidence—Petition.* A petition for a new trial upon the ground of newly discovered evidence to be sufficient must, among other things, set forth facts showing that the proposed testimony is newly discovered and that it could not with reasonable diligence have been obtained at the time of the trial, and a general averment that diligence had been exercised is a conclusion of law and is insufficient without a statement of the facts constituting the alleged diligence.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed April 8, 1916. Affirmed.

*Robert F. Porter*, of Kansas City, Mo., for the appellant.

*Arthur J. Stanley*, and *Guy E. Stanley*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: On March 3, 1914, A. H. McIntyre, as trustee of the Clark Paint, Varnish and Plantation Company, a defunct corporation, brought her action against the American Surety Company upon a fidelity bond issued by the latter company covering the liability of one Joseph T. Miller as vice-president of the defunct corporation. The case was tried before a jury, which on October 7, 1914, rendered a verdict for the plaintiff. The defendant's motion for a new trial having been denied, it appealed to this court on November 25, 1914. On September 9, 1915, and while that appeal was still pending, the surety company filed a petition for a new trial on the ground of newly discovered evidence. It was held that this petition did not state grounds for a new trial, and from that ruling the surety company appealed on the 7th day of December, 1915. On motion filed in this court the two appeals have been consolidated.

The transactions giving rise to this litigation had their beginning early in 1910 in old Mexico. The corporation for which the plaintiff, McIntyre, was trustee was organized with H. H. Clark as president, Joseph T. Miller, vice-president, and Hans G. Weide, secretary, and had its headquarters in Kansas City, Kan. One of the projects undertaken by this corporation was the developing of a five-hundred-acre plantation in Mexico. Under an agreement Miller was employed to go to Mexico and have active management of the plantation. To secure Miller's performance of his duties he secured a bond from the American Surety Company through its Mexican branch in the sum of $1000, which it appears is the equivalent of $500 of American money. In the bond it was provided that the surety company was bound with Miller "to pay the sums of money or securities which said bonded party may be short, up to the sum of $1000, always provided that the liability of the bonded party is caused by robbery, fraud, defalcation, breach of trust or other intentional offense against the property of his employer, or which the latter may have entrusted to him either as agent, employee or attorney."

McIntyre v. Surety Co.

The claim of the plaintiff was that Miller had been unfaithful and that the conditions of the bond had been broken. There was testimony to the effect that Miller had been furnished funds to the amount of $600 and supplies for the plantation amounting to about $1200 which he had not accounted for, and that instead of making reports weekly, as he had agreed to do, no reports were made, and that he had abandoned the plantation and could not even be found. The surety company was notified of the default and given an itemized statement of the moneys and property entrusted to Miller, but the search by the company for him was unsuccessful.

Upon the trial the main contention of the surety company was that the evidence did not warrant a recovery upon the bond. It was not necessary, as the defendant appears to contend, to show that the funds and property entrusted to Miller had been embezzled. Under the conditions of the bond it was enough to show that the default was caused by fraud, breach of trust or any intentional offense against the property placed in his possession. The money and property of the plaintiff was to be used for a specific purpose, and instead of applying these as directed he appears to have decamped, and although search was made for him he had eluded discovery either by the plaintiff or the surety company until after the trial, a period of more than four years. It devolved on the plaintiff, of course, to show a breach of the conditions of the bond, but it can hardly be said that there was no evidence of a breach of trust.

Competent testimony of the breach must be produced by the plaintiff and sufficient to overcome the presumption of honesty, but the strictness of proof required in a criminal proceeding is not essential to a recovery upon the bond. In a civil case a preponderance of the evidence is enough to justify the verdict, although it may involve a finding of fraud or other wrongdoing. (*Redden v. Tefft*, 48 Kan. 302, 29 Pac. 157; 17 Cyc. 760.) The instruction on this phase of the case, upon which some complaint is made, required the plaintiff to prove that the money and property entrusted to Miller had been appropriated or fraudulently withheld and disposed of by him. The substantial issue in the case was fairly presented by the instructions and we find no substantial error in the charge. Sufficient

notice of the default appears to have been given to the surety company, upon which it acted, but it was unable to find Miller until after the trial was had.

The second appeal in the case is based on the holding that the petition for a new trial filed more than eleven months after the rendition of the judgment was insufficient. In it defendant alleged that diligent search had been made to find Miller, but without success, and that it had been unable to find him and obtain the testimony in his possession until June 1, 1915. It is alleged that the testimony of Miller and some of that in his possession will show that that given in behalf of the plaintiff was untrue. In an affidavit made by Miller he states that he came to Kansas City about June 1, 1914, and had been employed in a department store at the head of one of the departments, and that he was still engaged in that store when the trial occurred. Much of the proposed testimony is not new, and only goes to contradict or impeach that given on the trial. The petition for a new trial was properly held to be insufficient in that it failed to show that due diligence had been exercised by defendant to find Miller and to produce his testimony at the trial. Before a party is entitled to a new trial on the ground of newly discovered evidence it must appear to be newly discovered, and further, that it could not with reasonable diligence have been obtained at the time of the trial. (*Sexton v. Lamb,* 27 Kan. 432; *Carson, Pirie, Scott & Co. v. C. M. Henderson & Co.,* 34 Kan. 404, 8 Pac. 727; *Manufacturing Co. v. Rice,* 95 Kan. 816, 149 Pac. 742.) The petition was filed about five years after the defendant had notice of the default of Miller and about eighteen months after the action was begun, and was not filed for more than three months after the evidence was discovered. What was done to find Miller or to obtain the testimony in his possession is not stated. The defendant did state that it made diligent effort to find Miller, but that is a legal conclusion and not a statement of fact. A conclusion of law adds nothing to a pleading, and an averment that diligence had been used can not be the basis of an issue unless the facts constituting the diligence are stated. The denial of such an averment raises no issue for determination. (*The State, ex rel., v. Williams,* 39 Kan. 517, 18 Pac. 727; *Houser v. Smith,*

80 Kan. 260, 101 Pac. 1001; *Leas, Harsh & Sinclair v. White,*
15 Iowa, 187; *Wakefield v. First Nat. Bank,* 19 Ky. Law Rep.
426, 40 S. W. 921; 31 Cyc. 57.)   It follows that no error was
committed in holding the petition to be insufficient.

The judgment of the district court is affirmed.