No. 22,117.

VILM MILLING COMPANY, *Appellee*, v. THE KANSAS CASUALTY & SURETY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. INDEMNITY BOND—*Agent's Fidelity Bond—Recitals in Bond—Estoppel to Deny Agency*. In a fidelity bond given by a surety company, it was recited that the person whose honesty and fidelity was guaranteed was an agent or employee of the plaintiff, who brought an action on the bond to recover for the fraudulent withholding and misappropriation of plaintiff's property, and in the contract between the plaintiff and the agent the latter was designated as an agent, and in the answer of the surety company he was likewise described as an agent of the plaintiff; and, therefore, it is held that the recitals and admissions of the surety company estop it to deny that the person whose fidelity was guaranteed was an agent or employee of the plaintiff.

2. SAME—*Misappropriation of Funds—Proof Required to Warrant Recovery on Bond*. Evidence showing that the agent had fraudulently withheld property and money of the plaintiff, and had appropriated it to his own use, is sufficient to warrant a recovery upon the bond in which the defendant undertook to reimburse the plaintiff for any loss that it might sustain by reason of the fraud or dishonesty of the agent amounting to larceny or embezzlement in connection with his duties and obligations; and the fact that the agent had not been prosecuted for embezzlement or that the proof was not strictly the same as is required in a prosecution for embezzlement, will not defeat a recovery.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed May 10, 1919. Affirmed.

*Fred Stanley, Claude C. Stanley, Benjamin F. Hegler, George Siefkin,* and *William Morheiser,* all of Wichita, for the appellant.

*Kos Harris,* and *V. Harris,* both of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action brought by the Vilm Milling Company against the Kansas Casualty & Surety Company upon an employee's fidelity bond, the plaintiff recovered, and the defendant appeals.

The plaintiff entered into a contract with W. A. Stuckey, of Joplin, Mo., that it would send him flour, meal and feed for sale in carload lots, and that with the bill of lading would be sent an invoice stating the amount with which he was charged; he was to sell the goods for a price above the invoice and freight, sufficient to pay him a commission for his work, collect all sums due from such sales and remit the same when collected to the company, looking solely to the overplus of the sales above the invoice and freight for his commission. Stuckey agreed to have the flour and feed so consigned to him insured, with losses payable to the plaintiff. The bond upon which this action was brought bound the defendant to make good any pecuniary loss which the plaintiff might sustain by reason of the fraud or dishonesty of Stuckey in connection with the duties of his position, amounting to embezzlement or larceny, to the extent of $5,000. It was alleged that Stuckey had been guilty of fraud and dishonesty in the conduct of the business, by reason of which plaintiff became entitled to the sum of $2,185.11, which amount the defendant had refused to pay. The defendant claimed that it was not liable under the terms of the bond, because Stuckey could not be regarded as an agent or employee of the plaintiff, and further, that the acts of Stuckey were not so fraudulent or dishonest as to constitute embezzlement or larceny within the meaning of the bond. The court found that Stuckey was an employee of plaintiff; that his acts and defaults amounted to embezzlement within the meaning of the bond; and that plaintiff was entitled to recover the amount of the loss.

It is insisted by the defendant that under the contract between the plaintiff and Stuckey he cannot be regarded as an

employee, and that in fact the merchandise was consigned to and purchased by him, and therefore the relation between the parties was that of seller and buyer. The contract between plaintiff and Stuckey specifically designated Stuckey as an employee of the plaintiff, and his compensation as commissions. The defendant, after inquiry as to the relations between the parties to the contract, and in order to fix the amount of the premium and estimate the extent of its liability on the bond, expressly designated the plaintiff as an employer in the bond, and it guaranteed the fidelity of Stuckey as an employee and agent. The premium was paid and accepted on that basis, and there is no claim of any misrepresentation as to the terms of the agency contract or as to the relation between the contracting parties.

Then again in its answer, as well as in its bond, the defendant recites and admits that Stuckey was an employee of the plaintiff; and, while it denies liability on other grounds, there is no denial in the answer of the capacity in which he was serving. By these recitals and admissions the defendant is estopped to deny the facts so alleged and admitted in the answer and in the instrument which it executed. (*The State v. Guaranty Co.*, 81 Kan. 660, 106 Pac. 1040.) Apart from the recitals and admissions of the defendant, the evidence shows that Stuckey was acting as an agent or employee of the plaintiffs and did not stand in the attitude of a purchaser of the merchandise.

There is a further contention that the failure of Stuckey to account for plaintiff's property or to remit the proceeds of the same did not amount to larceny or embezzlement. It having been held that he was acting in the capacity of an agent or employee in the care and disposition of plaintiff's flour and feed, the failure to account for the plaintiff's money and property constituted personal dishonesty which amounted to embezzlement. It is true, as contended by plaintiff that the guaranty of the defendant did not cover a mere default in the payment of a debt, as for money advanced or loaned by the plaintiff to the agent, or for so much of the proceeds of the sales as Stuckey had a right to retain for his commission. (*Hail Association v. Surety Co.*, 97 Kan. 271, 155 Pac. 13.) Here the plaintiff was not asking indemnity for the failure of stuckey to pay an in-

debtedness nor for the withholding of the commission to which he was entitled, but for the property and money of the plaintiff with which he was intrusted, and which he had fraudulently appropriated to his own use. In the bond the defendant undertook to reimburse the plaintiff for any pecuniary loss which it might sustain by reason of the fraud or dishonesty of the agent in connection with the duties and obligations of his position, and in withholding the property and money of the plaintiff, and the fraudulent appropriation of the same to his own use, he violated his duty and obligation to the plaintiff, which substantially amounted to embezzlement and constituted a manifest breach of the fidelity bond. The fact that Stuckey had not been convicted of embezzlement or that the public prosecutor had declined to prosecute him for that offense is not material. So far as the matter of proof is concerned, it was not necessary for the plaintiff to produce testimony sufficient to have secured a conviction for embezzlement. A recovery can be had on the bond, "upon proof that the default of the bonded party was caused by fraud or by a breach of trust, and that it was not necessary to show that he had embezzled the money or property intrusted to him. (*Bank v. Colton,* 102 Kan. 365, 368, 170 Pac. 992. See, also, *McIntyre v. Surety Co.,* 97 Kan. 629, 156 Pac. 690.)

Judgment affirmed.