No. 27,756.

THE AMSDEN LUMBER COMPANY, *Appellant*, v. THE AMERICAN
SURETY COMPANY and JOHN DEVLIN, *Appellees.*

(274 Pac. 203.)

Opinion filed February 9, 1929.

*H. W. Hart, Glenn Porter, Enos E. Hook* and *Getto McDonald,* all of
Wichita, for the appellant.

*R. R. Vermillion, Earle W. Evans, Joseph G. Carey* and *W. F. Lilleston,*
all of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The action is one to recover on a surety bond
signed by the American Surety Company given for the faithful per-
formance of John Devlin, an employee of the plaintiff. Verdict was
returned in favor of the defendants, and judgment was rendered
thereon. The plaintiff appeals.

The plaintiff, a wholesale lumber company of Wichita, operated
a lumber yard at Wellington and employed the defendant John Dev-
lin as manager of that yard. He as principal and the American
Surety Company as surety gave a bond to the plaintiff in the sum
of $2,500 binding themselves to pay to the plaintiff "such pecuniary
loss . . . as the latter shall have sustained of money or other
personal property . . . by any act or acts of fraud, dishonesty,
forgery, theft, embezzlement, wrongful abstraction or willful mis-
application" on the part of John Devlin. The petition alleged that
John Devlin had embezzled, abstracted, and converted to his own
use from the lumber yard and business he was managing and con-
ducting for the plaintiff property of the plaintiff, whereby it sus-
tained loss in the sum of three thousand five hundred and eighty

and 23/100 dollars. There was evidence which tended to prove that the plaintiff through the misconduct of John Devlin sustained a loss of more than $2,500.

1. The plaintiff argues that "the trial court erred in the instructions to the jury as to the degree of proof required by the appellant." The instruction complained of was as follows:

"In order for the plaintiff to recover against the defendants, or either of them, it is necessary for the plaintiff to prove by a preponderance of evidence that is clear, decided and satisfactory, that defendant Devlin, during the period of his employment and during the time the bond was in effect, caused plaintiff to sustain loss of money or personal property by reason of acts of fraud, or dishonesty, or forgery, or theft, or embezzlement, or wrongful abstraction or willful misapplication of plaintiff's property, and unless plaintiff does so your verdict must be for the defendants and each of them."

In *Redden v. Tefft*, 48 Kan. 302, 29 Pac. 157, an action in which a forged deed was questioned, this court declared the law to be that—

"In civil cases, the preponderance of evidence controls, and this is so although the verdict reflects on the witnesses of the losing side." (Syl. ¶ 9.)

In *McIntyre v. Surety Co.*, 97 Kan. 629, 631, 156 Pac. 690, this court said:

"Competent testimony of the breach must be produced by the plaintiff and sufficient to overcome the presumption of honesty, but the strictness of proof required in a criminal proceeding is not essential to a recovery upon the bond. In a civil case a preponderance of the evidence is enough to justify the verdict, although it may involve a finding of fraud or other wrongdoing."

In *Milling Co. v. Surety Co.*, 104 Kan. 790, 180 Pac. 782, this court declared that—

"Evidence showing that the agent had fraudulently withheld property and money of the plaintiff, and had appropriated it to his own use, is sufficient to warrant a recovery upon the bond in which the defendant undertook to reimburse the plaintiff for any loss that it might sustain by reason of the fraud or dishonesty of the agent amounting to larceny or embezzlement in connection with his duties and obligations; and the fact that the agent had not been prosecuted for embezzlement or that the proof was not strictly the same as is required in a prosecution for embezzlement will not defeat a recovery."

(See, also, 23 C. J. 16; 4 Wigmore on Evidence, § 2498.)

The rule is that fraud is not presumed; it must be proved; but the rule is that it may be proved by a preponderance of the evidence— that a person seeking to prove fraud is not compelled to do so by evidence which is decided, clear and convincing. It was error to give the instruction. It cannot be said that the giving of the instruc-

tion was not prejudicial error. It may have controlled, and probably did control, the jury in arriving at the verdict.

The judgment is reversed, and a new trial is directed.

DAWSON, J. (concurring): While I acquiesce in the foregoing decision, the opinion seems open to the deduction that a mere preponderance of evidence is sufficient to support a judgment in any and all civil cases. That is merely the ordinary rule. In our own reports are many cases where it was declared or recognized that a mere preponderance of evidence was not enough, and where clear, decisive and satisfactory proof was required to support the judgment. A few of these are: *Long v. Duncan,* 10 Kan. 294; *Baldwin v. Baldwin,* 73 Kan. 39, 84 Pac. 568; *Anderson v. Anderson,* 75 Kan. 117, 88 Pac. 742; *Wooddell v. Allbrecht,* 80 Kan. 736, 104 Pac. 559; *Nash v. Harrington,* 110 Kan. 636, 644, 205 Pac. 354; *Bateman v. Franklin,* 114 Kan. 183, 217 Pac. 318; *Rooney v. McDermott,* 121 Kan. 93, 98, 246 Pac. 183; *Bowen v. Galloway,* 125 Kan. 568, 264 Pac. 1038.