F. C. PREST *et al.* v. CHARLES C. BLACK *et al.*
No. 12,251. (66 Pac. 1017.)

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Records of Probate Court.* The records of the probate court showing a claim of title to land, made by a stranger to the record chain of title, are not admissible in evidence as constructive notice to one who claims in the record chain of title.

2. ——— *Proof of Title—Recitals in Mortgage.* A recital in a recorded mortgage of real estate indicating the source of the title which the mortgagor claims, and likewise the possession of the premises by a tenant claiming to hold under the same title, are not proof of the ultimate fact of title, but are only notices putting subsequent purchasers and mortgagees on inquiry, and depriving them of the character of innocent owners. They are of no avail against such persons unless followed by proof of title adverse to them.

3. FEES AND SALARIES— *Guardian ad Litem.* The fees of a guardian *ad litem* are not costs in the case, and therefore are not chargeable against the unsuccessful party.

Error from Cowley district court; W. T. McBRIDE, judge. Opinion filed December 7, 1901. Division one. Reversed.

*Beardsley, Gregory & Kirshner,* and *J. E. Torrance,* for plaintiffs in error.

*Hackney & Lafferty,* for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action to foreclose a mortgage on real estate.  The mortgage was executed by Charles Black, Brettun Crapster, and Caroline L. Bangs.  These persons were the heirs of one Margaret Brettun, deceased, in whose name the legal title to the land stood of record.  To the action Carrie Louise Crapster, Bretta Viola Crapster and a number of others were made defendants.  They claimed to own the land as the devisees of one Soranus Brettun, deceased.  The will under which they claimed did not specifically describe the property, but they sought to prove that it in fact had belonged to the devisor and not to Margaret Brettun, and therefore had not descended to the latter's heirs, the mortgagors.  To make this proof, they introduced as evidence the record of the administration of the estate of Soranus Brettun, had in the probate court of Rock Island county, Illinois, and a like record of an auxiliary administration had in Cowley county, this state.  These records showed that Margaret Brettun, in whose name, as before stated, the title of the land stood, and Charles C. Black were executors of the will of Soranus Brettun ; that they had inventoried the land as belonging to his estate, and that rentals from it had passed into their hands as executors, and were disbursed by them as part of the estate.  It was not shown that the mortgagee, or his assignees, the plaintiffs in the foreclosure case, had any actual knowledge of these probate court records or of the facts shown by them.  On the strength

of this and, perhaps, other evidence, presently to be noticed, judgment went against the plaintiffs. Error has been prosecuted to this court.

The above-recited evidence was in no sense proof of title in Soranus Brettun, because it was only what third persons said concerning the title. The most that could be claimed for it was that it was constructive notice of title in him; but it was not even that, because the will of Soranus Brettun and the proceedings in administration of it were not in the chain of title to the land as shown of record, but were apart from it. What is meant by being in the record chain of title is being in that chain which reaches back to a. common source—to the original grant. It is undeniable that only such conveyances or other grants as are in the record chain of title are constructive notice to subsequent purchasers or encumbrancers. The registering of a deed or will by a stranger to the record chain does not impart notice to any one. (Devl. Deeds, 2d ed., §§ 712, 713.)

It is true that the probate courts are courts of record, and their proceedings dispositive of land titles are constructive notice to the world; so, perhaps, are official declarations concerning title required to be filed in the court by executors and administrators, such as inventories of the lands of the estate, but this is true only of those proceedings or papers which are in the record chain of title, not outside of it. In such cases judicial records stand upon no different footing from records in other public offices.

"In the investigation of titles, purchasers look for decrees and judgments against those who appear of record to have been owners, and when it is ascertained that a particular decree or judgment does not affect the title which is the object of inquiry, it is believed not to be customary to look further; and to

hold that purchasers are affected with constructive notice of every fact relating to the purchased estate that may happen to appear in some of the files of a case, and not elsewhere, would, in our judgment, be carrying the doctrine of constructive notice to a dangerous extent. . The establishment of such a rule would have a direct tendency to unsettle titles, for no one could know of a certainty when he was getting a good title, without examining the files in every case in the county where the land lay, and this would be wholly impracticable. (*Dugan et al. v. Follett et al.*, 100 Ill. 581, 590.

Further evidence was introduced for the purpose of charging the plaintiffs with notice of a title to the land in Soranus Brettun. It consisted, first, of a mortgage of the same land previously executed by Margaret Brettun, reciting that she was the widow and an heir of Soranus Brettun, and, second, of the possession of a tenant who claimed under a lease executed by one who signed himself "agent Brettun estate." The recital of the mortgage and the possession of the tenant were nothing more than notice. They only served to put the mortgagee on inquiry and deprive him of the character of an innocent owner. They were not evidence of the ultimate fact of ownership. They were not proof of title in Soranus Brettun. The only fact to the discovery of which the notice thus imparted might have led was the fact of the probate court inventories before mentioned, and they, when reached, would only have been evidence of the same character—simply notice. It must be borne in mind that the burden of proving title in Soranus Brettun rested on the defendants. Beyond that the substantive fact, viz., ownership, remained to be proved, and it was not done.

The plaintiffs have a theory of construction of the will of Soranus Brettun under which they maintain

that the land was devised to Margaret Brettun, and therefore that she, and afterward her heirs, owned it, even if she had no other source of title. The theory is not sound.

Some of the defendants resisting the foreclosure were minors. They were represented by a guardian *ad litem*, to whom a fee of fifty dollars for services as such was allowed and taxed against the plaintiffs as costs. The taxation of this fee was error. It was not costs. Such fee is not designated anywhere in the statute as costs, and costs are only allowed by statute. In a large number of cases the taxation of a guardian *ad litem's* fee as costs against the unsuccessful party has been refused. (10 Encyc. Pl. & Pr. 684; *Walton v. Yore*, 58 Mo. App. 565; *Holloway v. McIlhenny Co.*, 77 Tex. 657, 14 S. W. 240; *Union Ins. Co. v. Van Rensselaer*, 4 Paige Ch. R. 85; *Hutchinson v. Hutchinson*, 152 Ill. 347, 38 N. E. 926.)

For error in the admission of evidence the judgment of the court below is reversed, and a new trial ordered.

JOHNSTON, SMITH, ELLIS, JJ., concurring.