No. 26,358.

R. A. Thompson, *Appellee,* v. Fred A. Dyson and C. C. Smith, Copartners as Smith-Dyson Motor Company, *Appellants.*

SYLLABUS BY THE COURT.

1. Contracts—*Terms of Oral Contract—Burden of Proof.* Plaintiff sued to recover upon a parol contract for salary, and alleged his version of the contract. Defendants denied that the contract was as plaintiff alleged, stated their version of it and counterclaimed for overpayment. *Held,* error to instruct so as to place entire burden of proof on defendants.

2. Trial—*Instructions—Necessity and Sufficiency.* Under R. S. 60-2909 it is the duty of the trial court to give general instructions to the jury. These should include a statement of upon which party rests the burden of proof, at least upon the main issues of the case.

Appeal from Sedgwick district court, division No. 2; Thornton W. Sargent, judge. Opinion filed April 10, 1926. Reversed.

*C. A. Matson* and *I. H. Stearns,* both of Wichita, for the appellants.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston* and *B. K. Perreault,* all of Wichita, for the appellee.

Appeal and Error, 4 C. J. p. 1031 n. 31. Contracts, 13 C. J. p. 757 n. 15. Evidence, 22 C. J. p. 75 n. 99. Trial, 38 Cyc. pp. 1595 n. 90, 1693 n. 55, 1748 n. 86, 1749 n. 98; 33 L. R. A. n. s. 1128; 14 R. C. L. 729.

The opinion of the court was delivered by

HARVEY, J.: This is an action for salary. It was tried to a jury, which answered special questions and returned a general verdict for plaintiff. The defendants have appealed. The question here presented pertains to an instruction upon the burden of proof, and arises in this way:

Defendants, partners, had the sales agency for a certain line of farm tractors and employed plaintiff as sales manager. The agreement was oral. The controversy was over the terms of the agreement. Plaintiff contended that he was employed for one year, and was to be paid a salary equal to one-third of the net profits, with a guarantee of $5,000 for the year. He further contends that no other agreement was ever made; that he worked for defendants about two years and eight months; that he was paid $5,000 for his services for the first year (the profits not being more than $15,000), and that he had been paid in part only for remainder of the time. He sued for the difference between his salary at $5,000 per year for the time he worked after the first year and the amount he had received from defendants within that time. There was a second cause of action for expense he had paid for defendants, and a third cause of action for an automobile he had sold them—but there appears to be no substantial controversy over these causes of action and they will not be further noticed. Defendants contended the agreement was that plaintiff was employed for an indefinite time; was to receive a salary equal to one-third of the net profits of the business; that he was guaranteed $5,000 for one year only, after which he was to receive one-third of the net profits, but was to have a drawing account of approximately $250 per month, which was to be repaid to defendants in the event one-third of the net profits did not amount to sum drawn. They contended they had paid the amount guaranteed for the first year, although one-third of the profits did not amount to that sum; that since the first year the business made no profit, in fact had lost money, and they counterclaimed for the amount plaintiff had drawn on his drawing account. The court instructed as follows:

"The burden of proof is upon the defendants to prove by a preponderance of the evidence that the said contract was entered into between them and the defendants and the amount of money which the defendants paid to the plaintiff on his drawing account."

At no place in the instruction was the burden placed upon plaintiff to prove the contract to be as he contended. This was a misdirection. Sometimes the question of the burden of proof is not so very important; it means, of course, simply the preponderance of the evidence, that is, the greater weight of the evidence, in view of all the facts and circumstances of the case. Here plaintiff's right to recover rested mainly upon the terms of the original employment. He testified to one version of it, the defendants testified to another; there were no other witnesses. By bringing the action plaintiff assumed the initiative, and before he could recover anything it was incumbent upon him to establish, by a preponderance of the evidence, the contract as he alleged it to be, and the jury should have been so instructed. Since defendants sought a money judgment on their counterclaim, the burden was upon them to establish, by a preponderance of the evidence, such facts alleged as would entitle them thereto. In 14 R. C. L. 728 the rule is thus stated:

"The burden of proof in every action depends on the pleadings in the case, and it is for the court to determine from them and the issues presented thereby, on which party the burden of proof rests as to each issue contested. . . . Where the burden of proof in a civil case rests on one party as to certain issues and on the other as to other issues, the court should so charge the jury that they will clearly understand that the burden is on each side to maintain the particular issue which that side affirms, and it is erroneous to give an instruction which places the burden of proof on the plaintiff not only to establish his own case but also to disprove an affirmative defense alleged by the defendant."

Appellee contends that the error complained of by appellants is not available to them, for the reason that no other instruction on the burden of proof was requested, and upon this point cite *Hail Association v. Surety Co.,* 97 Kan. 271, 274, 155 Pac. 13, where it was said:

"The jury were told that the burden of proof was on the plaintiff to prove its right to recover by a preponderance of the evidence. This is objected to apparently on the ground that as to some of the specific issues the burden was on the defendant. The instruction given was true as a general statement. If a more specific direction had been asked a different question would be presented."

The difficulty with applying the rule here stated is that the instruction given in this case was not true as a general statement. The statute (R. S. 60-2909) requires the court to give general instructions to the jury, and includes a general statement of the burden

of proof as it applies to the case, and if either party desires special instructions to be given, they should be requested. The error was in giving no general instruction on the burden of proof as applied to plaintiff, but in placing all of it upon defendants. Reading the testimony, we are unable to say which party, if either, should recover; it is naturally a jury ·question in which a conclusion might be influenced by matters not disclosed by the printed record. In this case the jury was out nearly four days, indicating difficulty on their part in reaching a conclusion. Under these circumstances we cannot say the jurors might not have been influenced by the misdirection of the court.

The judgment is reversed for a new trial.