Mary Ann Gabel Executive Director Behavioral Sciences Regulatory Board 712 Kansas, 1st Floor Topeka, Kansas 66603
Dear Ms Gabel:
As executive director for the Kansas behavioral sciences regulatory board, you ask our opinion concerning the burden of proof required in an administrative proceeding to warrant disciplinary action against the holder of a professional license or registration. Specifically you ask whether the requisite burden is proof by a preponderance of the evidence or proof by clear and convincing evidence.
"Burden of proof" means the obligation of a party to meet the requirements of a rule that the fact be proven either by a preponderance of the evidence or by clear and convincing evidence or beyond a reasonable doubt, as the case may be. The term is synonymous with "burden of persuasion" (K.S.A. 60-401) which describes the obligation of a party to introduce evidence that persuades the factfinder, to a requisite degree of belief, that a particular proposition of fact is true. 29 Am.Jur.2d sec. 155, Evidence (1994). The burden of proof on any point is upon the party asserting it. In re Estate of Robinson, 236 Kan. 431
(1984).
Proof by a preponderance of the evidence means proof by the greater weight of evidence, in view of all facts and circumstances of the case. In re Estate of Robinson, 236 Kan. 431 (1984). Preponderance of the evidence has also been explained as such evidence as when weighed with that opposed to it has more convincing force. Hewettv. Industrial Commission, 232 P.2d 850
(Ariz. 1951). A preponderance of the evidence means that evidence which shows a fact is more probably true than not true. Ortega v. IBP, Inc., 255 Kan. 513 (1994). In language using the metaphor of the scales of justice, the court in In re Grievance of Muzzy,449 A.2d 970 (Vt. 1982) stated that a preponderance of the evidence requires at the very least that one of the balance scale's pans drop, though the scales drop but a feather's weight.
Proof by clear and convincing evidence has been defined as:
 "[t]hat amount of evidence which produces in the trier of fact a firm belief or conviction about the existence of a fact to be proved. Clear and convincing evidence means more than a preponderance but less than evidence beyond a reasonable doubt." Davis v. Wright, 503 N.W.2d 814, 818 (Neb. 1993) quoting State ex rel. NSBA v. Roubicek, 406 N.W.2d 644, 651 (Neb. 1987).
Generally speaking, in an administrative hearing the requisite burden of proof is a preponderance of the evidence. However utilization of the higher level of proof, i.e. clear and convincing evidence, has been required when particularly important individual interests or rights are at stake or where serious sanctions may be imposed. Thus the clear and convincing evidence standard has been required in deportation proceedings, in denaturalization proceedings, in civil commitment proceedings, and in proceedings to finally and irrevocably terminate parents' rights to custody of their children. See 2 Am.Jur.2d sec. 363, Administrative Law, (1994).
In Kansas, Supreme Court rule 211 establishes the burden of proof as "clear and convincing" to warrant a finding of misconduct for an attorney. However, for discipline of licensed or registered professionals under the behavioral sciences regulatory act, neither the Kansas administrative procedures act, K.S.A. 77-501 et seq., nor the statutes defining the regulatory authority of the behavioral sciences regulatory board establish the requisite burden of proof. In addition, the issue of the proper burden of proof has never been squarely placed before the Kansas Court of Appeals or the Kansas Supreme Court. Consequently we turn to other states for guidance; unfortunately the guidance is not uniform.
Of the seventeen states for which we were able to find court decisions addressing this issue, eleven established the requisite burden of proof as "a preponderance of the evidence" and six established "clear and convincing evidence" as the required burden.
 Preponderance of the Evidence
In two states the preponderance of the evidence standard was established by statute for professional license disciplinary proceedings. See Ferguson v. Hamrick, 388 So.2d 981 (Alabama 1980) (concerning a physician); and Stern v. Ambach, 516 N.Y.S.2d 319
(N.Y. 1987) (concerning a dentist). In In re Kincheloe,157 S.E.2d 833 (N.C. 1967) (concerning a physician), and in Matter of Robson, 575 P.2d 771 (Alaska 1978) (concerning an attorney), the courts without discussion approved preponderance of the evidence as the requisite burden of proof in disciplinary proceedings. The court in Re D'angelo, 516 P.2d 360 (N.M. 1986) (concerning an attorney), determined that in the absence of an allegation of fraud, the requisite burden of proof is preponderance of the evidence.
The higher burden of proof (clear and convincing) was asserted as constitutionally required under the due process clause in the case of In re Polk, 449 A.2d 7 (N.J. 1982). In addressing this claim the court adopted the balancing test articulated in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) and applied again in Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388,71 L.Ed.2d 599 (1982). The analysis involved evaluation and balancing of three factors:
 "(1) the nature of the private interest affected by the proceeding; (2) the countervailing governmental interest to be furthered by the proceeding; and (3) the risk of error in the ultimate determination created by the use of the particular burden of proof." 449 A.2d at 13.
As to the nature of the private interest, the court recognized that the private interest in a professional license is substantial and the consequences of potential deprivation great. As to the governmental interest, the court concluded that the state, as the guardian of the health and well-being of its citizens, has a substantial interest in the regulation and supervision of those licensed (to practice medicine); the state is required to be vigilant and competent to protect these interests fully. In this respect the court found that the obligations of the state to be paramount to the rights of the individual practitioner claiming the privilege to pursue his or her profession. As to the risk of error, the court stated that the inquiry concerned "both the risk that there may be an erroneous deprivation of private interest resulting from the use of the preponderance standard, as well as the likelihood that a higher evidentiary standard would effectively eliminate or reduce that risk." 449 A.2d at 15. Evaluating this factor led the court to find that an administrative disciplinary hearing was not characterized by "intrinsically elusive or esoteric" subject matter, the absence of reliable evidence nor by the exclusive possession of evidence by one party.
 "In view of the subject matter of such proceedings, the nature of the evidence, the qualifications of witnesses, the special expertise of the tribunal, the relative advantages and resources of the parties, and the minimal risk of inaccurate or erroneous factfinding and final decision-making, confidence in a final adjudication would not be imperiled by employing the preponderance of the evidence standard." 449 A.2d at 16.
Accordingly the court concluded that the application of the burden of proof by a preponderance of the evidence standard did not result in a due process violation. Stated conversely, due process does not mandate more than proof by a preponderance of the evidence.
The due process analysis of Polk was adopted In Matter of Schultz, Etc., 375 N.W.2d 509 (Minn. 1985) (concerning a dentist), Eaves v. Board of Medical Examiners, 467 N.W.2d 234 (Iowa 1991) (concerning a physician), and Ghandi v. Medical Examining Board,483 N.W.2d 295 (Wisc. 1992) (concerning a physician). In similar due process analyses Sherman v. Commission on Licensure to Practice the Healing Arts, 407 A.2d 595 (D.C. 1979) (concerning a physician), and Petition of Grimm,635 A.2d 456 (N.H. 1993) (concerning a psychologist), both held that the preponderance of the evidence test adequately protected a professional's property interest in his license.
The psychologist in Petition of Grimm, supra, also raised an equal protection claim, asserting that there was no rational basis why the standard in psychologists' disciplinary hearings was preponderance of the evidence, while attorneys enjoy the application of the clear and convincing standard in their disciplinary hearings. The court, finding that the case did not involve a suspect class or fundamental right, held that the application of the lesser standard of proof was rationally related to a legitimate state interest and did not violate the equal protection clause of the constitution. Further,
 "The State is free to treat professions differently according to the needs of the public in relation to each, particularly where, as here, the regulations being compared have been created by separate branches of government." 635 A.2d at 462.
Reasoning along the same lines the court in Matter of Insurance Agents Licenses of Kane, 473 N.W.2d 869 (Minn. 1991) likewise did not find an equal protection violation.
 Clear and Convincing Evidence
In Ettinger v. Board of Medical Quality, 185 Cal.Rpt. 601 (Cal. 1982) (concerning a physician), the court was called upon to determine the requisite burden of proof in a physician disciplinary hearing. The court first noted that the burden of proof required in attorney disciplinary matters is clear and convincing evidence. Without reaching an equal protection analysis the court nevertheless stated:
 "Since it is apparent that the underlying purpose of disciplining both attorneys and physicians is protection of the public, it would be anomalous to require a higher degree of proof in disciplinary hearings involving attorneys or real estate agents than in hearings involving physicians. Accordingly, we hold that the proper standard of proof in an administrative hearing to revoke or suspend a doctor's license should be clear and convincing proof to a reasonable certainty and not a mere preponderance of the evidence." 185 Cal.Rptr. at p. 603
See also Silva v. Superior Court, 17 Cal.Rptr.2d 577 (Cal. 1993) (concerning a physician), and Davis v. Wright, 503 N.W.2d 814
(Neb. 1993) (concerning a psychiatrist).
The court in Florida found that proof by clear and convincing evidence was necessitated because of the value of the licenses and the gravity and magnitude of the statutes that permit their revocation. Rife v. Department of Professional Regulation,638 So.2d 542 (Fla. 1994) (concerning a physician). In Matter of Zar,434 N.W.2d 598 (S.D. 1989) (concerning a psychologist), the court found that proof by clear and convincing evidence was justified by the importance of the interest involved, i.e. a professional's career. Courts in Mississippi and Wyoming stated without discussion that disciplinary charges against a professional must be proved by clear and convincing evidence. State Board of Psychological Examiners v. Hosford, 508 So.2d 1049 (Miss. 1987) (concerning a psychologist); Devous v. Board of Medical Examiners,845 P.2d 408 (Wy. 1993) (concerning a physician).
In the above cases, the discussions and conclusions of the courts appear to be premised within the conceptual framework of "preponderance of the evidence" as a lower quantum of proof than "clear and convincing evidence." Those analyses are consistent with the framework of K.S.A. 60-401(d), i.e. ". . . a rule of law that the fact be proven either by a preponderance of the evidence or by clear and convincing evidence or beyond a reasonable doubt, as the case may be." (Emphasis added). However, in a recent decision the Kansas Supreme Court held otherwise when addressing the appropriate burden of proof in a retaliatory discharge case:
 "Over the years, this court has discussed clear and convincing evidence in the context of many issues and causes of action, and some confusion exists as to how a jury should be instructed. We hold that clear and convincing evidence is not a quantum of proof but, rather, a quality of proof. A party having the burden of proving a discharge from employment in retaliation for having filed a workers compensation claim must establish that claim by a preponderance of the evidence, but the evidence must be clear and convincing in nature. It is clear if it is certain, unambiguous, and plain to the understanding. It is convincing if it is reasonable and persuasive enough to cause the trier of facts to believe it." Oretaga v. IBP, Inc., supra at p. 528. (Emphasis added.)
By its holding the Kansas Supreme Court seemingly has merged what appear to be two separate statutory standards of proof (proof by a preponderance of the evidence and proof by clear and convincing evidence) into one: proof by a preponderance of the evidence which is clear and convincing in nature. Taking this holding into account we must shift our analysis and also consider "clear and convincing evidence" as a quality of proof and not a quantum of proof.
While the issue of the appropriate burden of proof has been raised in a variety of civil proceedings (see listing in Ortega v. IBP, Inc., supra at 518-519), as mentioned, neither the Kansas Court of Appeals nor the Kansas Supreme Court has addressed this issue in relation to professional license disciplinary proceedings. Accordingly we offer our opinion as to the better practice for a licensing agency to follow: In a professional license or registration disciplinary proceeding, an agency should establish its claim by a preponderance of the evidence which is clear and convincing in nature.
A number of concerns are addressed by use of this standard of proof. The standard protects the interests of the public against unscrupulous or incompetent practitioners. It also protects the valuable property interest of a licensee or registrant in the privilege to practice a profession. In addition it satisfactorily distributes the risk of error in actions by a governmental agency against a citizen practitioner of the behavioral sciences. Finally it establishes parity between attorneys and other professionals in disciplinary proceedings.
In conclusion, clear and convincing evidence is not a quantum of proof but, rather, a quality of proof. In a professional license or registration disciplinary proceeding, an agency should establish its claim by a preponderance of the evidence which is clear and convincing in nature. Evidence is clear if it is certain, unambiguous, and plain to the understanding. It is convincing if it is reasonable and persuasive enough to cause the trier of facts to believe it.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:bas